## Miller v. Smith

*John Molnar*, for plaintiff.

*William H. Bayer, William G. Ross* and *Aldrich Faucek, III*, for movants.

WILLIAMS, *S.J.*, December 11, 1979—Plaintiff has brought suit against Barry Greenzweig and John G. Sutter and Terry J. Sutter (named inadvertently as Jerry in caption) charging that they furnished intoxicants to a minor defendant, Randy Smith, at Christmas parties held December 24, 1977, at their business establishments when Randy Smith was in a drunken and intoxicated state; that the alleged conduct was prior to a motor vehicle accident which occurred shortly after the minor defendant left the Sutter premises. Plaintiff was a passenger in a truck driven by Randy Smith, when the vehicle left the highway, struck a tree and plaintiff was injured.

The matter is before us on a motion for summary judgment by defendants, Greenzweig and Sutter. The record consists of the pleadings, the depositions of Barry N. Greenzweig, Terry J. Sutter and Kenneth Jablonski, together with the affidavits of Barry Greenzweig and Terry J. Sutter.

It is undisputed that neither Greenzweig nor Sutter are licensees under the Pennsylvania Liquor Control Act of December 20, 1933, P.L. (Sp. Sess.) 89, 47 P.S. §744-907 et seq., nor are they engaged in the sale of alcoholic beverages. Greenzweig operates an auto repair center and on December 24, 1977, there was beer on the premises and a bottle of whiskey which had previously been partially consumed. Defendant, Greenzweig, brought one six-pack to the garage as well as food obtained from his mother's restaurant. Roy Smith, father of Randy

Smith, paid for the six-pack. There was no bartender and no sale of alcoholic beverage. Randy Smith did some drinking at the party. At about three o'clock, Greenzweig locked his door, and eight persons, including Greenzweig, Randy Smith, his father Roy Smith and Leslie Miller, went to the Sutter auto parts store, some 20 miles away where defendant, Sutter, was holding a Christmas party for dealers. The eight people were not invited to the party by Sutter. There alcoholic beverages were available and Randy Smith did some drinking. Sutter is not a licensee, is not engaged in the sale of liquor and neither of defendants served alcoholic beverages personally to Randy Smith. The beverages were with the knowledge and consent of both defendants, about their respective premises and available for consumption by those present at the parties.

The motion for summary judgment raises the legal issue as to whether civil liability attaches to a defendant who is not a licensed dispenser of alcoholic beverages and who furnishes intoxicants without charge.

Plaintiff asserts liability is imposed on defendants, Greenzweig and Sutter, by virtue of the Liquor Code of April 12, 1951, P.L. 90, 47 P.S. §4-493, which reads as follows:

"The term 'licensee,' when used in this section, shall mean those persons licensed under the provisions of Article IV, unless the context clearly indicates otherwise.

"It shall be unlawful—

"Furnishing liquor or malt or brewed beverages to certain persons

"(1) For any licensee or the board, or any employe, servant or agent of such licensee or of the board, or any other person, to sell, furnish or give any liquor or malt or brewed beverages, or to permit any liquor or malt or brewed beverages to be sold, furnished or given, to any person visibly intoxicated, or to any insane person, or to any minor, or to habitual drunkards, or persons of known intemperate habits."

The above language makes it a crime for any person, whether a licensee or not, to sell alcoholic beverages to a minor: Com. v. Randall, 183 Pa. Superior Ct. 603, 133 A. 2d 276 (1957). In his concurring opinion in Manning v. Andy, 454 Pa. 237, 241, 310 A. 2d 75 (1973), Mr. Justice Pomeroy stated:

"The Liquor Code is primarily concerned with the regulation of licensees of the Liquor Control Board and others connected in one way or another with the liquor industry. [Footnote omitted]. In my view it is appropriate to hold persons in that class strictly liable in tort law for a violation of the statute, as this Court has done in cases cited above. See Restatement (Second) of Torts, §286 (1965). That standard of liability, however, is obviously not appropriate for every violation of a criminal statute [footnote omitted], and in my view it is not appropriate where, as here, the defendant is a private individual in no way part of the liquor industry. To my knowledge, no court has created civil liabiliy with respect to such persons. See Annt., 8 A.L.R. 3d 1412."

Manning v. Andy, supra, is clearly dispositive of the issue before us. The per curiam opinion of the court held that an allegation in the complaint that:

"'[A]t said party the [appellees] did furnish or supply intoxicating liquors or beverages which were consumed by the said Russell E. Walters as well as [the appellant], and did continue to furnish intoxicating liquors or beverages to the said Russell E. Walters when he was in a state of visible intoxication,'" p. 239, did not set forth a good cause of action and was insufficient to impose civil liability upon defendant. This being true, this court is mandated to grant summary judgment.

## ORDER

And now, December 11, 1979, motion for summary judgment is granted in favor of defendant, Barry N. Greenzweig and John G. Sutter and Terry J. Sutter, and the complaint dismissed as to said defendants.